PER CURIAM.
This case comes to us on appeal from the Court of Federal Claims. The appellant, Daniel Bernard (“Bernard”), appeals the Court of Federal Claims’ findings of fact and also requests that his ease be transferred to the United States District Court for the District of Columbia. Because the Court of Federal Claims committed no clear error in its determinations of fact and because the appellant’s transfer argument fails on the merits and was not raised before the Court of Federal Claims, we affirm.[1]
*861 DISCUSSION
I.
Bernard was an Assistant Staff Judge Advocate in the Army’s Judge Advocate General Corps. As a result of deteriorating performance on the job and apparent depression, he was evaluated by an Army staff psychiatrist at Fort Gordon in Georgia in October of 2000. The psychiatrist found him to suffer from schizoaffective disorder “manifested by [among other things] depression, flat affect, illogical thinking [and] paranoid ideation.” The Army’s staff psychiatrist recommended that his case be presented to the Physical Evaluation Board for a determination of his fitness for duty. After an administrative hearing, the Physical Evaluation Board (“PEB”) found that Bernard was physically unfit to perform the duties of his office and grade in July of 2002. Later that month, the U.S. Army Physical Disability Agency (“USAPDA”) affirmed the PEB’s decision and determined that Bernard’s case “was properly adjudicated by the PEB.”
After the USAPDA decision, Bernard filed a timely complaint in the Court of Federal Claims making a variety of legal claims. On September 30, 2003, the court dismissed several of Bernard’s claims for lack of subject matter jurisdiction. (The dismissed claims include: a sexual harassment claim, a false imprisonment claim, a due process claim seeking an equitable remedy, a Privacy Act claim, a claim alleging “fraudulent revocation” of a security clearance, a Freedom of Information Act claim, and a variety of tort claims.) In regards to Bernard’s other claims, the court found that even though they “appear[ed] to have some relevancy to the PEB and USAPDA proceedings”, they were accompanied by insufficient factual allegations and thus were “insufficient to support claims for relief that the court can adjudicate.” Bernard v. U.S., No. 03-265C, slip. op. at 7 (Fed.Cl. Sept. 30, 2003). The court did not immediately dismiss those claims for failure to state a claim upon which relief can be granted. Instead, it suggested that Bernard seek assistance from private counsel in amending those claims. In order to give him time to consult with that counsel, the court gave Bernard until January 9, 2004 to seek leave to further amend his complaint.
Bernard timely and immediately appealed the court’s September 2003 decision. His appeal involves only the claims dismissed in that decision. Pursuant to the Court of Federal Claims’ 54(b) certification, we have jurisdiction to hear this appeal under 28 U.S.C. § 1295(a)(3).
II.
The Court of Federal Claims’ findings of fact are reviewed for clear error. Hendler v. U.S., 175 F.3d 1374, 1378 (Fed.Cir.1999), Fed.R.Civ.P. 52(a). If the Court of Federal Claims’ findings of fact are “plausible in light of the record viewed in its entirety, [this court] may not reverse [them] even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
The Court of Federal Claims’ legal conclusions are reviewed de novo and without deference. Gardner v. TEC Sys., Inc., 725 F.2d 1338, 1344 (Fed.Cir.1984) (en banc).
III.
The appellant’s challenge to the factual findings in this case refers largely to the first two pages of the opinion issued by the Court of Federal Claims. Bernard v. U.S., No. 03-265C, slip. op. at 1-2 (Fed.Cl. Sept. 30, 2003). We conclude that all of the *862 facts cited by the Court of Federal Claims are supported by the record and “plausible in light of the record.” Therefore, this court finds that the Court of Federal Claims did not commit clear error in its findings of fact.
rv.
The only legal argument that the appellant currently raises before this court is that his case should be transferred to the United States District Court for the District of Columbia. This argument is problematic for a variety of reasons, however.
First, the appellant did not raise this argument before the Court of Federal Claims. Traditional waiver principles dictate that issues that are not argued before trial courts cannot be raised for the first time before a court of appeals. Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1576 (Fed.Cir.1991) (stating that “absent exceptional circumstances, a party cannot raise on appeal legal issues not raised and considered in the trial forum.”)
Second, the federal transfer statute allows a court to transfer an entire case if the court lacks jurisdiction and the transferee court would have jurisdiction. Nat'l Ctr. for Mfg. Sciences v. U.S., 114 F.3d 196, 198 (Fed.Cir.1997), 28 U.S.C. § 1631. The text of the transfer statute allows a court to transfer a case if it finds that “there is a want of jurisdiction.” 28 U.S.C. § 1631. But the statute does not allow for a case to be transferred piecemeal or only in part to another court. The opinion of the Court of Federal Claims that is currently before this court does not entirely dispose of all of Bernard’s claims. Therefore, the Court of Federal Claims could not have used 28 U.S.C. § 1631 in its September decision to transfer the appellant’s entire case to the District Court for the District of Columbia.
Finally, it must be noted that because the appellant has filed an action in the District Court for the District of Columbia, he will not be deprived of judicial review because of the Court of Federal Claims’ September 2003 decision. See Bernard v. U.S. Dep't of Defense, No. 1:04-CV-00084 (D.D.C. filed Jan. 16, 2004).
CONCLUSION
Given that there was no clear error in the Court of Federal Claims’ findings of fact and because the issue of transfer is not properly before this court, we affirm the decision of the Court of Federal Claims.
COSTS
No costs.

. This court has before it motions filed by Bernard to submit a reply brief to the government’s informal brief, to strike the first six pages of the government’s informal brief and to strike any reference to matters concerning attorney-client communication in the government’s brief. The government filed a motion requesting leave to file a response to Bernard’s motions to strike. Bernard’s motion to submit a reply brief and the government’s motion requesting leave to file a response to Bernard's motions to strike are granted. Both of Bernard's motions to strike are denied.