James R. **HEUSS**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 06–875 C.

United States Court of Federal Claims.

Sept. 25, 2007.

James R. Heuss, II, Miami, FL, pro se.

Michael S. Dufault, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Acting Director, and Bryant G. Snee, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant. Lt. Katherine S. Pasieta, Judge Advocate General Corps, United States Navy, Washington Navy Yard, of counsel.

*OPINION*

HEWITT, Judge.

Plaintiff's complaint arises from his separation from the United States Navy on January 2, 1986. Defendant filed a motion, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), to dismiss plaintiff's complaint for lack of jurisdiction because plaintiff's complaint is barred by the six year statute of limitations. 28 U.S.C. § 2501; Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.) 1. For the following reasons, the court GRANTS defendant's Motion.

## I. Background

Plaintiff enlisted in the United States Navy on February 2, 1984. Complaint (Compl.) Ex. A. Plaintiff was stationed aboard the U.S.S. Forrestal in Philadelphia, Pennsylvania; he resided in Clarmont, Delaware. Compl. 3. On December 25, 1984, the state of Delaware charged plaintiff with sexually assaulting a three-year-old girl. *Id.* at Ex. B. Plaintiff signed an "Attorney General's Probation" agreement, dated March 12, 1985, admitting that "he committed the offense charged." *Id.* at Ex. C. Plaintiff alleges that, pursuant to the probation agreement, "he would admit to the charge on paper, he would submit to quarterly reports to the Office of Pre–Trial Services, he would seek psychological and/or psychiatric counseling, and the State of Delaware would nolle prosequi the charge against [plaintiff] immediately." *Id.* at 4 (citations and footnotes omitted). Plaintiff also alleges that he was "assured by the Deputy Attorney General that the United States Navy would receive no report concerning [plaintiff's probation agreement]." *Id.*

On March 21, 1985, the Commanding Officer of the command to which the three-year old girl's parents were assigned forwarded to plaintiff's Commanding Officer a copy of the probation agreement. *Id.* at Ex. E. Plaintiff's Commanding Officer then initiated an Administrative Separation Board (Board) to determine whether plaintiff should be discharged from the Navy because of the information contained in the probation agreement

signed by plaintiff. *Id.* at 5, Ex. G. The Board found that plaintiff "committed misconduct due to the conviction by civil authorities for sexual assault upon a three year old female," *id.* at Ex. I, and recommended that plaintiff "be separated from the naval service[,] ... [and] that the separation be suspended for a period of 12 months, and that the discharge be under other than honorable conditions," *id.* Plaintiff's Commanding Officer, however, recommended separation. *Id.* at Ex. L. Plaintiff was discharged from the Navy on January 2, 1986. *Id.* at Ex. A.

On December 15, 2000, plaintiff petitioned the Navy Discharge Review Board (NDRB) to change his discharge to honorable and to award him military back pay. *Id.* at Ex. N. On September 7, 2001, the NDRB unanimously decided that plaintiff's discharge would remain under other than honorable conditions. *Id.* at Ex. O; Def.'s Mot. 5. On June 10, 2003, plaintiff submitted an application for correction of his military record to the Board of Correction of Naval Records (BCNR). Compl. Ex. P. On March 24, 2004, the BCNR denied plaintiff's application and found that plaintiff "could properly have been processed for separation by reason of misconduct due to civil conviction or commission of a serious offense." Compl. Ex. Q.

Plaintiff filed his complaint with this court on December 22, 2006, Compl. of Dec. 22, 2006 (docket no. 1), along with his motion for leave to proceed in forma pauperis and motion to appoint counsel, *Heuss v. United States,* 75 Fed.Cl. 636, 637 (2007). The court granted plaintiff's motion to proceed in forma pauperis and declined to appoint counsel for plaintiff. *Id.* In his complaint, plaintiff requested review of the BCNR decision and relief in the form of "[a]n upgrade in the nature of his discharge to 'Honorable, Under Honorable Conditions,'" correction of his military records, and military back pay. Compl. 7. On May 7, 2007, defendant filed its motion to dismiss. Def.'s Mot. 1. Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss (plaintiff's Response or Pl.'s Resp.) on May 22, 2007. Defendant filed Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (defendant's Reply or Def.'s Reply) on June 29, 2007.

## II. Discussion

### A. Standards of Review

The Tucker Act confers jurisdiction upon the Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). Section 2501 of title 28 of the United States Code limits the court's jurisdiction of claims to those arising no longer than six years before the complaint is filed: "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000). The six-year limitation was "attached by Congress as a condition of the government's waiver of sovereign immunity," *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988), and, therefore, the court must strictly construe the six-year limitation, *John R. Sand & Gravel Co. v. United States,* 457 F.3d 1345, 1354–55 (Fed.Cir.2006), *cert. granted in part,* —— U.S. ——, 127 S.Ct. 2877, 167 L.Ed.2d 1151 (2007).

RCFC 12(b)(1) governs dismissal of claims for lack of subject matter jurisdiction. RCFC 12(b)(1). When a defendant challenges this court's jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden to show by a preponderance of the evidence that jurisdiction is proper. *Reynolds v. Army & Air Force Exch. Serv. (Reynolds),* 846 F.2d 746, 748 (Fed.Cir.1988). In evaluating a claim pursuant to RCFC 12(b)(1) for lack of jurisdiction, the court must accept as true any undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor. *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995); *Reynolds,* 846 F.2d at 747.

Pro se complaints are generally held to "less stringent standards than formal plead-

ings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Vaizburd v. United States*, 384 F.3d 1278, 1285 n. 8 (Fed.Cir. 2004) (noting that pleadings drafted by pro se parties "should ... not be held to the same standard as [pleadings drafted by] parties represented by counsel") (citation omitted). Nevertheless, "[t]his latitude ... does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed.Cl. 497, 499, aff'd, 98 Fed.Appx. 860 (Fed.Cir.2004) (Table); *see also Kelley v. Sec'y of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only.")

### B. Statute of Limitations

Defendant argues that plaintiff's complaint is untimely because plaintiff did not file his complaint within the six-year statute of limitations set for this court by 28 U.S.C. § 2501. Def.'s Mot. 8–9; Def.'s Reply 1. Relying on *Martinez v. United States*, 333 F.3d 1295, 1302 (Fed.Cir.2003), defendant argues that plaintiff's cause of action accrued on January 2, 1986, the date he was discharged from the Navy. Def.'s Reply 1–2. Defendant argues that because plaintiff did not file his complaint with this court by January 2, 1992, his claim is "untimely by more than 15 years." Def.'s Mot. 9. Defendant further argues that plaintiff's subsequent application to the BCNR on June 10, 2003, did not affect the running of the statute of limitations. Def.'s Reply 2.

Plaintiff contends that his complaint is timely because the statute of limitations was triggered by the decisions of the NDRB and BCNR. Pl.'s Resp. 3–4. Plaintiff argues that these decisions are the proper triggering point because they are subject to judicial review. *Id.* at 3. Plaintiff cites the dissenting opinion in *Martinez* and argues that "[t]he problem with [the accrual date on the date of his military discharge] is that it 'completely insulates from judicial review Board decisions rendered more than six years from discharge, even though Congress has authorized the Review Board and the Correction Board to act thereafter.'" *Id.* at 4 (citing *Martinez*, 333 F.3d at 1328). Plaintiff contends that because his "[c]omplaint against the decisions of the NDRB and the BCNR was filed within six years of said decisions, it was timely filed." *Id.* at 5.

The court agrees with defendant that the Federal Circuit's holding in *Martinez* is controlling here. In *Martinez*, Mr. Martinez was separated from active duty on February 25, 1992, *Martinez*, 333 F.3d at 1299, and filed an application with the Army Board for Correction of Military Records (Correction Board) in March 1995, *id.* at 1300. The Correction Board issued a decision denying Mr. Martinez's application on August 23, 1995, and later denied Mr. Martinez's request for reconsideration on March 26, 1997. Id. Mr. Martinez filed a complaint in the Court of Federal Claims on August 17, 1998, alleging, among other things, that "the Correction Board's decision was arbitrary and capricious [and] constituted an abuse of discretion." *Id.* Mr. Martinez requested that the court grant him relief by correcting his military record, reinstating him to active duty, directing the Army to consider him for promotion, requiring the Army to return pay he forfeited, and awarding him back pay. *Id.* This court rejected Mr. Martinez's arguments and dismissed his complaint as time-barred, and Mr. Martinez appealed. *Id.* at 1301. The United States Court of Appeals for the Federal Circuit held that, in causes of action seeking monetary losses due to military discharge, the date of accrual is the date of military discharge. *Id.* at 1310. The court rejected the arguments that all administrative remedies in a correction board must be exhausted before filing a Tucker Act claim, *id.*, and that a second cause of action accrues at the time of a correction board decision, *id.* at 1312. The court stated that, in a military discharge case, if a "plaintiff does not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, the plaintiff loses all rights to sue for the loss of pay stemming from the challenged discharge." *Id.* at 1304. The court also noted that "the existence of judicial review does not, in itself, supply any basis for asserting that the limitations period runs from the time of the Correction Board's decision. All that

the existence of judicial review means is that the Board's decision will be reviewed, in a proper case, if a timely suit is brought." *Id.* at 1312.

Based on the Federal Circuit's holding in *Martinez*, it is clear that plaintiff's claim for military pay accrued on the date of his discharge from the Navy. Plaintiff was discharged on January 2, 1986, Compl. Ex. A. Therefore, in order for this court to have jurisdiction over plaintiff's claim, he must have filed his claim in this court before January 2, 1992. Because plaintiff did not file his complaint in this court until December 22, 2006, almost fifteen years past the expiration of the statute of limitations, plaintiff's complaint is time-barred. Plaintiff's argument that his complaint is timely because the NDRB and BCNR decisions are subject to judicial review is unavailing under the holding in *Martinez.* 333 F.3d at 1312.

Plaintiff's argument that his complaint is actually against the decisions of the NDRB and the BCNR, Pl.'s Resp. 5, does not affect the date of accrual of his claim. In *Martinez,* the Federal Circuit rejected a similar argument. Mr. Martinez argued that "because his complaint directly challenges the Correction Board's decision and not just his separation . . ., he has stated a separated cause of action asserting error by the Correction Board in not granting him relief." *Martinez,* 333 F.3d at 1311. Mr. Martinez argued that his "separate cause of action" did not accrue until the Correction Board issued its decision, and therefore his complaint was timely filed. *Id.* The court stated that, in order to be within the Tucker Act jurisdiction of the Court of Federal Claims, Mr. Martinez's claim had to be for money damages, and the monetary relief Mr. Martinez sought was for military back pay and return of forfeited pay. *Id.* The court stated that because "the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his right to seek permissive administrative review of his claim[,][t]hat principle cannot be subverted by simply recharacterizing the effect of a correction board decision on the limitations period as generating a second cause of action rather than tolling the limitations period on the first."

*Id.* at 1312. Therefore, a plaintiff's claim for military back pay accrues at the time the plaintiff was first deprived of that money, not when a correction board denies a plaintiff's subsequent request for relief. *Id.* at 1311. Accordingly, the court rejects plaintiff's argument that the date of the NDRB and BCNR decisions affect the date of accrual of plaintiff's claims.

### III. Conclusion

Because the statute of limitations in this case expired on January 2, 1992, and plaintiff did not file his complaint until December 22, 2006, the court has no jurisdiction to hear this case. Therefore, defendant's Motion is GRANTED, and the Clerk of the Court is directed to dismiss the Complaint. The parties shall bear their own costs.

IT IS SO ORDERED.