**Richard R. SMITH, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 11–467 C.

United States Court of Federal Claims.

July 26, 2011.

Richard R. Smith, Fairhope, AL, pro se.

1. Plaintiff also submitted an Application to Proceed In Forma Pauperis, Docket Number (Dkt. No.) 2, filed July 18, 2011. For the limited purpose of filing his Complaint, Dkt. No. 1, plaintiff's application is GRANTED. Accordingly, the Office of the Clerk of Court is directed to file the Complaint with no filing fee.

*OPINION*

HEWITT, Chief Judge.

Before the court is plaintiff's Complaint (Compl.), Docket Number 1, filed July 18, 2011.[1] Pro se plaintiff Richard R. Smith (plaintiff or Mr. Smith) appears to allege that in 1996 a police officer employed by the Holbrook Police Department in Holbrook, Arizona accidentally shot him, which has resulted in on-going medical problems. *See* Compl. 1. Mr. Smith's Complaint states, in its entirety:

3/25/2011[2]

To Whom It May Concern:

In 1996 I was visiting Arizona and was chased in my car by a police officer. The officer shot through the windshield at me and I lost control of my car. The car came to a stop and the officer told me to get out and get on the ground. While on the ground he handcuffed me and shot me in my back. The bullet exited through the base of my skull. Since that time, I have required medical attention. I spent some time in an Arizona Hospital for treatment but didn't know I would need further treatment. Since the officer said the gun went off by accident, do I have a recourse in the form of a settlement? Please Reply.

Richard Smith

Refer to:

Navajo County

Holbrook police department

Arizona

Holbrook, Arizona

Compl. 1.

For the following reasons, the court DISMISSES plaintiff's Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

2. The hand-written date on the Complaint is barely legible; it appears to the court to be dated March 25, 2011. *See* Compl. 1.

## I. Legal Standards

### A. Dismissal for Lack of Subject Matter Jurisdiction

 "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004) (citing *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998)); *see Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1369 (Fed.Cir.2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue." (citing *Textile Prods., Inc., v. Mead Corp.,* 134 F.3d 1481, 1485 (Fed.Cir.1998))). "In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" *Folden,* 379 F.3d at 1354 (quoting *Shearin v. United States,* 992 F.2d 1195, 1195–96 (Fed. Cir.1993)). Although complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se plaintiffs nevertheless must meet jurisdictional requirements, *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed. Appx. 860 (Fed.Cir.2004) (unpublished). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

 The Tucker Act establishes and limits the jurisdiction of the United States Court of Federal Claims (Court of Federal Claims). 28 U.S.C. § 1491 (2006). The Tucker Act provides that this court has jurisdiction over "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort.*" 28 U.S.C. § 1491(a)(1) (emphases added). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Accordingly, the Tucker Act provides the court with jurisdiction over suits "against the United States." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not confer any substantive rights upon a plaintiff. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision itself, in order for the case to proceed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1306 (Fed.Cir.2008).

### B. Transfer for Lack of Subject Matter Jurisdiction

 Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *See Rodriguez v. United States,* 862 F.2d 1558, 1559–60 (Fed.Cir.1988) (citation omitted).

## II. Discussion

For the following reasons, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3). Additionally, the court finds that transfer of plaintiff's case to another federal court is inappropriate.

### A. The Court Does Not Have Jurisdiction Over Plaintiff's Claims

 "The jurisdiction of the [Court of Federal Claims] is limited to suits against the United States." *McGrath v. United States,* 85 Fed.Cl. 769, 771 (2009) (citing *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)); *see* 28 U.S.C. § 1491. Therefore, the Court of Federal Claims does not have jurisdiction to hear claims against states, localities, state and local government entities, or state and local government officials and employees. *Moore v. Pub. Defender's Office,* 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state

agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.") (citing *Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003)).

 Rather than assert a claim against the United States, Mr. Smith appears to assert a claim against an individual police officer employed by a local or state police department, the Holbrook Police Department, the City of Holbrook, Arizona, Navajo County, Arizona and/or the State of Arizona. *See* Compl. 1. Because Mr. Smith does not bring a claim against the United States, Mr. Smith's Complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.[3]

**B. Transfer of the Case to Another Court Is Not Appropriate**

Although not requested to do so by plaintiff, the court considers sua sponte whether "it is in the interest of justice" to transfer plaintiff's Complaint to another federal court under 28 U.S.C. § 1631.[4] *See Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). The court will transfer a case when a plaintiff articulates a clearly stated and non-frivolous complaint, *see Phang v. United States,* 87 Fed.Cl. 321, 330–31 (2009) (declining to transfer the case on the grounds that plaintiff's claims "were unlikely to be meritorious in another court of the United States"), *aff'd,* 388 Fed.Appx. 961 (Fed.Cir.2010) (unpublished), provided that the Complaint

could have been brought in the transferee court. Plaintiff's Complaint, in the court's opinion, could not have been brought in, and therefore may not be transferred to, another federal court under 28 U.S.C. § 1631.

**III. Conclusion**

For the foregoing reasons, plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. No costs.

IT IS SO ORDERED.

---

3. Even if plaintiff alleged a claim against the United States, the court would still lack jurisdiction over his claims. Mr. Smith appears to allege claims of battery, assault and/or negligence. Battery, assault and negligence are torts. *See McCullough v. United States,* 76 Fed.Cl. 1, 4 (2006) (stating that battery is a tort); *Burman v. United States,* 75 Fed.Cl. 727, 729 (2007) (stating that assault is a tort); *Mendez–Cardenas v. United States,* 88 Fed.Cl. 162, 166 (2009) (stating that negligence is a tort). The Court of Federal Claims does not have jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir. 1997). Because plaintiff's battery, assault and negligence claims are tort claims, even if he brought suit against the United States, Mr.

Smith's claims would be dismissed for lack of jurisdiction pursuant to RCFC 12(h)(3).

4. Although plaintiff has not specifically requested a transfer, the court may "order[] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States,* 409 F.3d 1370, 1375 (Fed.Cir.2005). The court considers transfer in this case because plaintiff is proceeding pro se, *see Skillo v. United States,* 68 Fed.Cl. 734, 743 n. 15 (2005) (granting transfer of plaintiffs' claims sua sponte), and because the transfer statute language "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States,* 318 F.3d 70, 73 (1st Cir.2003) (citing 28 U.S.C. § 1631).