# In the United States Court of Federal Claims

No. 14-39C
(Filed: January 22, 2014)

FILED

JAN 2 2 2014

U.S. COURT OF
FEDERAL CLAIMS

|   |   |
|---|---|
| CARLOS PETERSON, | ) |
| | ) |
| *Pro Se* Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

The court is in receipt of Carlos Peterson's ("plaintiff") complaint, filed January 16, 2014, against Senior Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York ("defendant"). In his complaint, plaintiff alleges that Judge Kahn committed neglect, favoritism, corruption, and fraud when he presided over plaintiff's case in the Northern District of New York. Plaintiff seeks 36 million dollars in damages, as well and injunctive and punitive relief. For the reasons below, this court lacks subject matter jurisdiction over this case and therefore it must be **DISMISSED**.[1]

Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Moreover, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y & H Corp., 546

---

[1] Along with the complaint, plaintiff filed an application to proceed *in forma pauperis* status. The request is procedurally deficient. Nonetheless, the application is **GRANTED** for the sole purpose of ruling on this motion.

U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). When reviewing a complaint filed by a pro se plaintiff, courts must grant the plaintiff a liberal construction of the pleadings and hold the plaintiff to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Even so, pro se plaintiffs are still required to meet the jurisdictional requirements of the court. Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

The subject matter jurisdiction of this court is limited to claims against the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997), reh'g denied (1997); Smith v. United States, 99 Fed. Cl. 581, 583-84 (2011) (citing Moore v. Pub. Defender's Office, 76 Fed. Cl. 617, 620 (2007)). This court does not have jurisdiction to hear complaints challenging the actions of other federal courts, judges, or their employees. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). Accordingly, because this court lacks jurisdiction over plaintiff's claims, the case must be **DISMISSED**. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

2