# ORIGINAL

## In the United States Court of Federal Claims

No. 14-490C
(Filed: July 1, 2014)

FILED

JUL 1 2014

U.S. COURT OF
FEDERAL CLAIMS

)
STEVEN T. ANDERSON,                 )
                                    )
            Pro Se Plaintiff,       )
                                    )
v.                                  )
                                    )
THE UNITED STATES,[1]               )
                                    )
            Defendant.              )
                                    )

### ORDER DISMISSING COMPLAINT FOR LACK OF
### SUBJECT MATTER JURISDICTION

In this case, plaintiff Steven T. Anderson ("Mr. Anderson") alleges that the Salt Lake County Assessor's office and other various local officials have violated the Uniform Standards of Professional Appraisal Practice's ("USPAP") record-keeping rules by failing to supply plaintiff's work records following his termination as an appraiser with the office. Plainitff identifies the USPAP as a "federal policy."

Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In so determining, the court may consider the issue of jurisdiction on its own without being raised by any party. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In considering a case brought by a pro se plaintiff, the court holds "the pleading 'to less stringent standards than formal pleadings drafted by lawyers.'" Johnson v. United States, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Despite this permissive standard, a pro se plaintiff must still satisfy the court's jurisdictional requirements. Bernard v. United

---

[1] The plaintiff's complaint does not name the United States but Salt Lake County, Salt Lake County Assessor, Kevin Jacobs, Matthew Smith, and Steven Dana as defendants, none of whom are federal employees. The United States was substituted in the caption for purposes of serving the complaint only.

States, 59 Fed. Cl. 497, 499 (2004) ("This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements."), aff'd 98 F. App'x 860 (Fed. Cir. 2004).

The court has reviewed Mr. Anderson's complaint and finds that jurisdiction is lacking. In his complaint, Mr. Anderson names "Salt Lake County, Salt Lake County Assessor, Kevin Jacobs, Matthew Smith, and Steven Dana" as defendants. Complaint 1, ECF No. 1. This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997), reh'g denied (Fed. Cir. 1997); Smith v. United States, 99 Fed. Cl. 581, 583-84 (2011) (citing Moore v. Pub. Defender's Office, 76 Fed. Cl. 617, 620 (2007)). Moreover, while Mr. Anderson cites USPAP as a "federal policy," nothing in USPAP authorizes a claim for money damages against the United States.

As this court lacks jurisdiction to hear this case, the case must be **DISMISSED**. The clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[2] Plaintiff's amended application to proceed in forma pauperis, ECF No. 6, is **GRANTED** for the limited purpose of filing this complaint.