# United States Court of Federal Claims
No. 18-1687
Filed: December 4, 2018

|  |  |
|---|---|
| WILLIAM LEE GRANT II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; Lack of Subject Matter |
| v. ) | Jurisdiction; *In Forma Pauperis* |
| ) | Application |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

*SMITH*, **Senior Judge**

On October 22, 2018, plaintiff William Lee Grant II, proceeding *pro se*, filed his Complaint with this Court and concurrently filed an application to proceed *in forma pauperis*. Plaintiff alleges, *inter alia*, harm from various state and federal employees, and violations of the Thirteenth Amendment. For the following reasons, the Court dismisses plaintiff's Complaint, and denies plaintiff's *in forma pauperis* application.

### I. Background

In his Complaint, plaintiff asserts that he was "created in the bowels of the Pentagon in 1990 to be 'the judge' as to whether the Vietnam war constituted war crimes." Plaintiff's Complaint hereinafter "Compl.") at 1. Mr. Grant states that Department of Defense officials "dropped off" plaintiff with "Dr. William Grant and Armentha Johnson to be beaten and endure psychological warfare." *Id.* Plaintiff also alleges that he was forced to stab Dr. Grant, and had plaintiff not stabbed Dr. Grant, "the Pentagon would have sent someone to kill Dr. Grant, and frame" plaintiff for the murder. *Id.* Plaintiff asserts, *inter alia*, conspiracy and wrongdoing by various federal and Illinois state officials. *Id.* at 2, 4, 6, 8. Plaintiff seeks $99 trillion in compensatory damages. *Id.* at 10.

### II. Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides the Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not

sounding in tort." 28 U.S.C. § 1491 (a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Further, "courts have an independent obligation to determine whether subject-matter jurisdiction exists, . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III.    Discussion

Mr. Grant alleges, *inter alia*, harm by Department of Defense and Department of Justice officials and civil rights violations against Illinois state officials. Compl. at 1, 2. These state-based claims lie outside this Court's jurisdiction. The U.S. Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014). As such, this Court cannot adjudicate plaintiff's claims. Moreover, it is well-established that this Court does not have jurisdiction over criminal complaints. *Joshua v. United States*, 17 F.3d 378, 379 (1994) (stating that the Court of Federal Claims lacks jurisdiction over criminal claims); *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009) (noting that the Court of Federal Claims cannot exercise jurisdiction over criminal claims, including claims arising from federal statutes).

Finally, this is the third complaint of its ilk that has been filed with this Court. This Court previously noted that "[i]t is clear Mr. Grant has a history of filing frivolous complaints, and this case is no exception. In the case at bar, the plaintiff again repeats the same allegations, in the hopes that this Court might believe them." *Grant v. United States*, 1:17-cv-01785 (Fed. Cl. Nov. 21, 2017). The Court finds plaintiff's current claim similarly frivolous.

As noted above, Mr. Grant filed an application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1). The statute requires that an applicant be "unable to pay such fees."

28 U.S.C. § 1915(a)(1). To be "'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Moore v. United States*, 93 Fed. Cl. 411, 414–15 (2010). Although it is possible that the fees could prove to be a hardship for Mr. Grant, the plaintiff's repeated filings of frivolous complaints and his history of vexatious litigation leads the Court to find that the plaintiff is not entitled to a waiver of the filing fee.

## IV.     Conclusion

For the reasons set forth in this opinion, plaintiff's Complaint is **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction, and plaintiff's *in forma pauperis* application is **DENIED**. The Clerk is hereby directed to enter judgment consistent with this opinion. Additionally, it is **ORDERED** that the Clerk is directed to accept no further filings or complaints related to the claims in the case at bar from William Lee Grant II without an order granting leave to file such filings from the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any future documents, Mr. Grant must explain how his submission raises new matters properly before this Court. *See* RCFC 11(b)–(c) (barring the filing of unwarranted or frivolous claims that have no evidentiary support).

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge