# In the United States Court of Federal Claims

No. 20-717C
(Filed June 30, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
CHRISTOPHER BERNARD KENT,                   *
                                            *
                Plaintiff,                  *
                                            *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                Defendant.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On June 10, 2020, Christopher Bernard Kent, proceeding *pro se*, filed a complaint in this court. Although the complaint contains few factual details and is difficult to decipher, Mr. Kent appears to allege he was defrauded by some unidentified party. Compl. at 1-2. Next to the caption on the complaint form, Mr. Kent wrote the case number of a traffic violation matter he is defending in a Maryland state court, and he identified as directly-related two other traffic cases from Maryland courts. *See id.* (listing Maryland traffic case numbers). He writes that "all charges are null or void" and implores the court to reinstate some unnamed privileges, presumably inhibited by these traffic charges. *Id.* 2-3.

In support of his claim, Mr. Kent cites Article One, Section 10 of the U.S. Constitution. *Id.* at 1. He also lists two defunct former sections of Title 31 of the U.S. Code, one repealed (formerly 31 U.S.C. § 462) and one that is now found elsewhere (formerly 31 U.S.C. § 392, currently 31 U.S.C. § 5103), concerning legal tender for U.S. debts; a federal statute concerning false and misleading debt collection representations, 15 U.S.C. §1692e; and sections from a legal treatise (16A Am. Jur. 2d Constitutional Law §§ 177-179) on the effect and operation of the law. Compl. at 1. Plaintiff also attaches several disparate documents to his complaint, including a birth certificate, an IRS Form 56 Notice Concerning Fiduciary Relationship, and certificates from the Florida and U.S. Departments of State. *See* Compl. Ex. 1, at 1-5.

As is frequently the case when individuals represent themselves, Mr. Kent seems to misunderstand the jurisdiction given to our court by Congress. Under the Tucker Act, this court is primarily granted jurisdiction to hear cases brought against the United States government by parties alleging breach of a contract or the violation of a law that requires the federal government to pay money in certain circumstances. *See* 28 U.S.C. § 1491(a). Plaintiff's complaint does not allege the existence of a contract with the federal government. *See* Compl.; *cf. United States v. Mitchell*, 463 U.S. 206, 216-17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). In fact, contrary to our jurisdictional requirement, plaintiff's complaint does not even involve the federal government --- his cryptic claim appears to focus on traffic charges brought by the state of Maryland. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (explaining "the *only* proper defendant for any matter before this court is the United States"). Our court, however, has no jurisdiction over the actions of state or local governments. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (holding our court lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees"). And insofar as Mr. Kent might be asking this court to review the decisions of the relevant Maryland state courts, we also lack jurisdiction to review the decisions of state, or any other, courts. *See Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("[T]he Claims Court is without jurisdiction to scrutinize the actions of another tribunal."). In short, the Court of Federal Claims can only hear claims regarding the federal government. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("If the relief sought [in the Court of Federal Claims] is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Even if Mr. Kent's complaint --- bereft though it is of allegations regarding the federal government --- were nevertheless considered to be against the federal government, it would still fail to come within our specified jurisdiction. His bald assertions that he has been harmed by fraud and misleading representations, even if true, are unquestionably outside the court's jurisdiction because they are tort claims --- which cannot be heard in this court. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . in cases not sounding in tort."); *Brown v. United States*, 105 F.3d 621, 623-24 (Fed. Cir. 1997) (rejecting, *inter alia*, fraud claims because they sound in tort). The constitutional and statutory provisions Mr. Kent cites cannot be the basis for our jurisdiction because they are not money-mandating sources of law. *See, e.g., United States v. Testan*, 424 U.S. 392, 398 (1976) (recognizing that our jurisdiction requires a law that provides "a substantive right to recover money damages from the United States"); *Eastport S.S. Corp.* v. *United States*, 178 Ct. Cl. 599, 604 (1967) (explaining that our predecessor did not have jurisdiction over "every claim involving or invoking the Constitution"). Article I, section 10 of the U.S. Constitution prohibits actions of states, and by its very terms cannot apply to the federal government. The debt collection statute he cites,

15 U.S.C. § 1692e, employs a definition of "debt collector" which excludes federal employees.  *See* 15 U.S.C. § 1692a(6)(C); *see also Ali v. United States*, No. 19-586C, 2019 WL 3412313, at *5 (Fed. Cl. July 29, 2019) (holding that claims under 15 U.S.C. § 1692 *et seq.* cannot generally be heard in our court) (citing *United States v. Bormes*, 568 U.S. 6, 15 (2012))).  And the legal tender provision, 31 U.S.C. § 5103, concerns the manner in which debts are paid, not the circumstances which mandate such payments.

Although Mr. Kent's complaint is difficult to understand, it clearly lacks the factual allegations of federal action (or inaction) and the identification of a money-mandating source of law that are required to come within our court's jurisdiction. When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of this court, a *sua sponte* dismissal is required.  *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (affirming that "jurisdiction may be challenged at any time by . . . the court *sua sponte*").  Since the Court lacks subject-matter jurisdiction over Mr. Kent's complaint, the case is therefore **DISMISSED** pursuant to RCFC 12(h)(3).  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**VICTOR J. WOLSKI**
Senior Judge