# In the United States Court of Federal Claims

No. 21-2232C

(Filed: December 7, 2021)

**NOT FOR PUBLICATION**

**************************************

| | |
|---|---|
| MARY TRUDEL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

**************************************

## OPINION AND ORDER

Plaintiff, proceeding pro se, raises several claims arising from alleged mistreatment by private parties, New York state officials, and New York state and local government departments. Compl. (ECF 1). The Court does not have subject-matter jurisdiction over the types of claims Plaintiff raises. Accordingly, the complaint is **DISMISSED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act. *See, e.g.,* 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for pro se litigants, it is not a forum for "federal claims" generally. Claims outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).[1]

This Court lacks jurisdiction over claims against the parties Plaintiff identifies. Plaintiff's claims, again, involve alleged misconduct by New York state officials, New York state agencies, and private parties. The United States, however,

---

[1] "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel … *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

is "the *only* proper defendant for any matter before this [C]ourt[.]" *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). "This [C]ourt does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees[.]" *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *Sherwood*, 312 U.S. at 588; *Brown*, 105 F.3d at 624; and *Smith v. United States*, 99 Fed. Cl. 581, 583–84 (2011)). Claims brought in this Court against the parties Plaintiff identifies must therefore be dismissed.

For the foregoing reasons, the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge