Rito **MENDEZ–CARDENAS, Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 09–162 C.

United States Court of Federal Claims.

July 13, 2009.

Rito Mendez–Cardenas, Big Spring, TX, pro se.

Courtney E. Sheehan, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

HEWITT, Chief Judge.

Before the court are Defendant's Motion to Dismiss the Complaint (defendant's Motion or Def.'s Mot.), filed May 11, 2009, plaintiff's Objection Against the Respondent's Response (plaintiff's Response or Pl.'s Resp.), filed June 2, 2009, and defendant's [Reply to Plaintiff's Response to] Defendant's Motion to Dismiss the Complaint (defendant's Reply or Def.'s Reply), filed June 11, 2009.

### I. Background

Rito Mendez–Cardenas, pro se, filed a Complaint (Complaint or Compl.) in this court on March 16, 2009. Plaintiff alleges that on July 20, 2008, while imprisoned at the El Paso County Jail, he "was run over with a food cart-refrigerator and [fell] down" resulting in injuries to his arm and shoulder. Compl. 1. He alleges that doctors "mistakenly X-rayed the right leg instead of ... [the] right arm"[1] and that he has not yet been operated upon nor cured, which he alleges is medical malpractice. Id. Plaintiff also states that he has not been financially compensated for his injuries. Id. Although he did not claim a specific amount of money damages in his Complaint, he requests $75,000 in his Response. Pl.'s Resp. 8. Plaintiff styles his

---

1. Where applicable, the court has changed quotations from plaintiff's briefings to conform to conventional capitalization, spelling and grammar.

claim as a "tort claim" and a "civil rights complaint" in his Complaint. Compl. 1. Plaintiff later asserts that the prison's "negligence in diagnosing or treating a medical condition violates ... the Eighth Amendment." Pl.'s Resp. 3–4. Plaintiff also alleges a contract which "exists between ... El Paso County and the Federal Government, a contract ... that for each federal inmate [El Paso County's] facility holds, they are ... paid a sum of $1,200 [per] day for each prisoner."[2] *Id.* at 7. The court understands plaintiff to contend that he is entitled to sue the United States because the El Paso County Jail and its employees act as agents of the United States under the contract. *Id.* at 7–8. Finally, plaintiff argues that this court has jurisdiction under Article III, Section 2 of the United States Constitution. *Id.* at 3.

Defendant asserts that this court lacks jurisdiction because plaintiff's claims sound in tort. Def.'s Mot. 3–4. Defendant also argues that, because plaintiff fails to name the United States as defendant and instead points to wrongdoing on the part of a county jail, this court lacks jurisdiction to hear his claims. *Id.* at 3. Finally, defendant states that this court lacks jurisdiction to hear plaintiff's claims under the Eighth Amendment because that provision of the Constitution is not money mandating. Def.'s Reply 3 n. 1.

## II.  Legal Standards

The jurisdiction of the United States Court of Federal Claims (Court of Federal Claims) is set forth in the Tucker Act, 28 U.S.C. § 1491 (2006). This court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States,

or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1).

■ The question of whether this court has subject matter jurisdiction over a claim is a threshold matter that must be determined at the outset. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "If the court finds that it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States (Matthews)*, 72 Fed. Cl. 274, 278 (2006); *see* Rules of the United States Court of Federal Claims (RCFC) 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff bears the burden of proof to establish subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Russell v. United States*, 78 Fed.Cl. 281, 285 (2007). Complaints filed by pro se plaintiffs "are generally held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Howard v. United States*, 74 Fed.Cl. 676, 678 (2006) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860 (Fed.Cir. 2004) (Table).

■ The Court of Federal Claims "does not have jurisdiction 'over tort actions against the United States.'" *Gimbernat v. United States*, 84 Fed.Cl. 350, 353 (2008) (quoting *Brown v. United States (Brown)*, 105 F.3d 621, 623 (Fed.Cir.1997)). The jurisdiction of this court is limited to claims against the United States. *United States v. Sherwood (Sherwood)*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (stating that

---

**2.** Plaintiff does not specifically allege that he is a federal prisoner. *See* Plaintiff's Complaint (Compl.) *passim;* plaintiff's Objection Against the Respondent's Response (plaintiff's Response or Pl.'s Resp.) *passim.* However, plaintiff attached to his Complaint a letter to plaintiff from the federal public defender who represented plaintiff "on [a] federal charge of illegal reentry." Compl. Exhibit (Ex.) 1. In addition, plaintiff was moved from El Paso County Prison to "Big Spring Flightline," Pl.'s Resp. 1, which appears

to the court to be a federal facility. The court assumes for the purpose of deciding this motion that plaintiff is a federal prisoner. *See Intersport Fashions W., Inc. v. United States*, 84 Fed.Cl. 454, 455 (2008) ("In deciding a motion to dismiss pursuant to [the Rules of the United States Court of Federal Claims] 12(b)(1), 'the court [is] obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor.'" (quoting *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995))).

"if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction" of the Court of Federal Claims' predecessor, the Court of Claims); *Moore v. Pub. Defenders Office (Moore)*, 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."); *see also Brown*, 105 F.3d at 624 ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

■■■ "The Tucker Act is merely a jurisdictional grant ... and does not create a substantive right enforceable against the sovereign." *Matthews*, 72 Fed.Cl. at 279 (citing *United States v. Testan (Testan)*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). In order for this court to have jurisdiction, a "plaintiff must establish an independent substantive right to money damages from the United States." *Intersport Fashions W., Inc. v. United States (Intersport)*, 84 Fed.Cl. 454, 456 (2008) (citing *Testan*, 424 U.S. at 398, 96 S.Ct. 948); *see Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005) ("[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."). "If a trial court concludes that the particular statute simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1)." *Adair v. United States (Adair)*, 497 F.3d 1244, 1251 (Fed.Cir.2007) (citation omitted).

## III. Discussion

### A. This Court Lacks Jurisdiction to Hear Plaintiff's Tort Claims

■■■ The Court of Federal Claims does not have jurisdiction over plaintiff's claims of negligence and medical malpractice. *See* Compl. 1; Pl.'s Resp. 2. Plaintiff's claims of medical malpractice and negligence sound in tort. *See Moore v. Durango Jail*, 77 Fed.Cl. 92, 96 (2007) (holding that the Court of Federal Claims did not have jurisdiction over

plaintiff's claim because "plaintiff's claim of negligence sounds in tort"); *McCullough v. United States*, 76 Fed.Cl. 1, 4 (2006) (holding that the Court of Federal Claims did not have jurisdiction over plaintiff's medical malpractice claim because medical malpractice is a tort claim) (citations omitted). The court must dismiss plaintiff's tort claims under RCFC 12(b)(1) because the Tucker Act does not provide this court with jurisdiction over tort claims. *See* 28 U.S.C. § 1491(a)(1) ("The [Court of Federal Claims] shall have jurisdiction to render judgment upon any claim against the United States ... for liquidated or unliquidated damages *in cases not sounding in tort.*" (emphasis added)). For the foregoing reasons, the court lacks jurisdiction over plaintiff's negligence and medical malpractice claims.

### B. This Court Lacks Jurisdiction to Hear Plaintiff's Claims Against Defendants Other Than the United States

■■■ The court does not have jurisdiction to hear plaintiff's claims against defendants other than the United States. *See* Compl. *passim*. The caption in plaintiff's Complaint does not identify a defendant; however, the substance of the Complaint alleges injuries that occurred in a state or county prison facility and medical malpractice by individual physicians. Compl. 1. In his Response, plaintiff changed the caption to name the United States as defendant. Pl.'s Resp. 1. However, plaintiff did not change the substance of his argument in his Response, and continued to make claims solely against the El Paso County Prison where his injury occurred and the prison's employees. Pl.'s Resp. *passim*. In any case, the Response cannot serve to amend plaintiff's Complaint. *See McGrath v. United States (McGrath)*, 85 Fed.Cl. 769, 772 (2009) ("This court does not possess jurisdiction to hear claims presented for the first time in responsive briefing.") (citing *Lawmaster v. Ward*, 125 F.3d 1341, 1346 n. 2 (10th Cir.1997) (noting that because a plaintiff "failed to raise the ... claim against the United States in his complaint, we refuse to consider it"), *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axio-

matic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") and *Michels v. United States,* 72 Fed.Cl. 426, 432 (2006) (refusing to consider a claim not asserted in the complaint)).

■ Therefore, this court does not have jurisdiction to hear plaintiff's claims naming a state or county government agency and its employees as defendants. *See Sherwood,* 312 U.S. at 588, 61 S.Ct. 767 (holding that suits against parties not the United States are beyond the jurisdiction of this court); *Brown,* 105 F.3d at 624; *Moore,* 76 Fed.Cl. at 620. "Merely adding the United States in the caption of the Response does not create jurisdiction in this court." *McGrath,* 85 Fed. Cl. at 773 (citing *Fullard v. United States,* 78 Fed.Cl. 294, 300 (2007) ("A plaintiff cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government.")). For the foregoing reasons, this court lacks jurisdiction to hear plaintiff's claims against parties other than the United States notwithstanding the revised caption of plaintiff's Response.

C.   This Court Lacks Jurisdiction to Hear Plaintiff's Eighth Amendment Claims

■ Although this court has jurisdiction under the Tucker Act generally to hear claims "founded . . . upon the Constitution," this court may not hear claims under the Eighth Amendment because the Eighth Amendment is not money mandating. 28 U.S.C. § 1491(a)(1). "If a trial court concludes that the particular statute simply is not money-mandating, then the court shall dismiss the claim for lack of subject matter jurisdiction under Rule 12(b)(1)." *Adair,* 497 F.3d at 1251; *see supra* Part II. It is clear that plaintiff's Eighth Amendment claims "fall outside the scope of the court's jurisdictional grant." *Taylor v. United States,* No. 08–443 C, 2008 WL 4925214 at *8 (Fed.Cl. Oct.29, 2008) (holding that the Court of Federal Claims lacked jurisdiction over plaintiff's Eighth Amendment claims) (citing *Trafny v. United States,* 503 F.3d 1339, 1340 (Fed.Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.' ")). This court therefore lacks jurisdiction over plaintiff's claims under the Eighth Amendment.

D.   This Court Lacks Jurisdiction to Hear Plaintiff's Claims Under Article III, Section 2 of the United States Constitution

■ Plaintiff claims that this court has jurisdiction under Article III, Section 2 of the United States Constitution, Pl.'s Resp. 3; however, this court may not hear claims under Article III, Section 2. Article III, Section 2 outlines broadly the scope of judicial power in the United States. It establishes the Case and Controversy requirement, which limits the types of disputes a court established under Article III may hear. *See* U.S. Const. art. III, § 2. It establishes the requirement of jury trials in criminal cases. *Id.* It also outlines the original jurisdiction of the United States Supreme Court over cases involving "ambassadors, other public ministers and consuls, and those in which a state shall be party," and the appellate jurisdiction of the Supreme Court in the remainder of cases. *Id.* This court, however, was created by Congress under Article I of the United States Constitution and, like all federal courts, is a court of limited jurisdiction. This court's jurisdiction is set forth in the Tucker Act. *See* 28 U.S.C. § 1491; *see also supra* Part II. Article III, Section 2 of the United States Constitution does not grant this court jurisdiction over plaintiff's claims.

E.   Alleged Contract Between the Federal Government and County Prison Does Not Create a Substantive Right to Money Damages

■ Plaintiff alleges in his Response that the federal government has a contract with the El Paso County Jail to pay $1,200 a day for housing and other needs of federal inmates at that facility. Pl.'s Resp. 7. Even assuming that such a contract exists, plaintiff cannot claim a substantive right to money damages under that contract because it was the El Paso County Jail that contracted with the United States and not plaintiff. Plaintiff

is not in privity of contract with the government and therefore this court may not exercise jurisdiction. *See Arakaki v. United States,* 71 Fed.Cl. 509, 520 (2006) (holding that the court lacked jurisdiction over plaintiff's contract claim because plaintiff was not in privity with the government); *see also Erickson Air Crane Co. of Wash., Inc. v. United States,* 731 F.2d 810, 813 (Fed.Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract").

In addition, plaintiff failed to point to any provision of the alleged contract that would provide him relief in this situation. "[I]n pleading a claim founded on a contract, plaintiff must, 'identify the substantive provisions of the contract or treaty on which the party relies.'" *Phang v. United States,* 87 Fed.Cl. 321, 324–25 (Fed.Cl.2009), (quoting RCFC 9(k)). Because plaintiff failed adequately to plead a contract claim under RCFC 9(k) and because he has failed to show that he is in privity of contract with the United States, this court lacks jurisdiction to hear plaintiff's contract claim.

### F. Transfer

Although not requested to do so by plaintiff, the court considers *sua sponte* whether "it is in the interest of justice" to transfer plaintiff's suit to another court of the United States. *See* 28 U.S.C. § 1631 (2006). Section 1631 of Title 28 of the United States Code describes the circumstances in which such a transfer would be appropriate:

Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added); *see Skillo v. United States,* 68 Fed.Cl. 734, 744 (2005). In Title 28, Section 610 of the United States Code, Congress defined "court" for the purposes of Title 28, Section 1631 to "include[ ] the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610 (2006).

The court declines to transfer plaintiff's medical malpractice tort claim to another court of the United States under 28 U.S.C. §§ 610 and 1631. If Mr. Mendez is a state prisoner, then his tort claims must be heard in state court. This court is unable to transfer any case to the state court system, as no state court falls within the definition in § 610. *See* 28 U.S.C. § 610. If Mr. Mendez is a federal prisoner, he could possibly bring a suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (2006), against the United States government in a United States District Court, which is included in § 610. However, *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), sets a high bar for federal inmates imprisoned in state or local facilities to prove that the state prison employees are employed by the federal government and not merely independent contractors.

In *Logue,* the Supreme Court stated that, in order to prevail in a personal injury lawsuit brought under the Federal Tort Claims Act, a federal prisoner jailed in a state or local facility must show that the contract between the federal government and the state or local facility "gives the United States ... authority to physically supervise the conduct of the jail's employees [rather than] ... only 'the right to enter the institution ... at reasonable hours for the purpose of inspecting the same and determining the conditions under which federal offenders are housed.'" *Id.* at 530, 93 S.Ct. 2215. Here, plaintiff mentions a contract in his Response, but does not allege or cite facts to support the proposition that the United States had authority "to physically supervise the conduct" of the employees of the El Paso County Jail. *See id.;* Pl.'s Resp. 7. Because the court is dismissing the case without preju-

dice, plaintiff may, if facts exist that would support a claim under the Federal Tort Claims Act, file a Federal Tort Claims Act claim in an appropriate Federal District Court.

It is the court's view that plaintiff's Eighth Amendment claim is so unlikely to be meritorious in another court of the United States that transfer is not warranted. In order for a prisoner's medical malpractice claim to rise to the level of a violation of the Eighth Amendment, the prisoner must show that "the defendants had a culpable state of mind and intended wantonly to inflict pain." *Abdur–Raqiyb v. Erie County Med. Ctr. (AbdurRaqiyb)*, 536 F.Supp.2d 299, 301 (W.D.N.Y.2008). As a result, " '[a prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Plaintiff himself describes his claim as "negligence in diagnosing or treating a medical condition," and does not allege facts that would suggest a "culpable state of mind" or an intention on the part of the defendant "wantonly to inflict pain." Pl.'s Resp. 3; *see Abdur–Raqiyb*, 536 F.Supp.2d at 301.

For the foregoing reasons, the court determines that it is not in the interest of justice to transfer plaintiff's claims.

## IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED. The Clerk of the Court shall DISMISS plaintiff's Complaint. No costs.

IT IS SO ORDERED.