**Bruce Woodruff KURT, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 12–73C.**

United States Court of Federal Claims.

Feb. 7, 2012.

Bruce W. Kurt, St. Louis, MS, pro se.

### . *ORDER OF DISMISSAL*

SWEENEY, Judge.

Plaintiff Bruce Woodruff Kurt, appearing *pro se*, alleges that the state of Missouri, various officials of the state, the United States, and the United States Attorney General have deprived him of his constitutional right to trial by jury and his constitutional right of appeal. Because the court lacks jurisdiction over plaintiff's claims, the court dismisses his complaint. The court also denies plaintiff's motion to file his complaint under seal and grants plaintiff's application to proceed *in forma pauperis*.

### I. BACKGROUND

In 2010, plaintiff was charged by the City of St. John, Missouri with property damage, a violation of the city's municipal code.[1] The penalty for the code violation was a fine of no more than $500 or imprisonment lasting no longer than ninety days. Plaintiff requested a jury trial, but the prosecuting attorney, Hardy C. Menees, moved to deny that request, arguing that the Supreme Court of Missouri has held that there is no constitutional right to a jury trial for a municipal ordinance prosecution unless the penalty involves a maximum period of imprisonment of more than six months. On March 22, 2011, the Honorable Judy P. Draper of the Circuit

---

1. The court derives the facts in this section from plaintiff's complaint and the exhibits attached to plaintiff's complaint.

Court of St. Louis County, Missouri denied plaintiff's request for a jury trial and, after a bench trial, found plaintiff guilty of property damage and fined him $500. Because plaintiff did not pay the fine, Judge Draper issued a warrant for his arrest. Plaintiff was arrested, but was later released on bail.

Plaintiff filed his complaint in this court on February 2, 2012. He argues that the state of Missouri—through the actions of Judge Draper and Mr. Menees—deprived him of his constitutional right to a jury trial. He further alleges that he has been deprived of his right to appeal because the Missouri judiciary, by conspiring to eliminate his right to a jury trial, has precluded him from obtaining relief in the Missouri courts. Plaintiff claims that due to the unavailability of a state remedy, the United States and its Attorney General, Eric H. Holder, Jr., were obligated to ensure that his rights were not violated, but contends that they failed to meet that obligation. He therefore seeks the following relief: a jury trial for his municipal ordinance prosecution; a federal criminal investigation of Judge Draper, Mr. Menees, and the judges of the Missouri courts; and the return of his bail.

## II. DISCUSSION

### A. The United States as Defendant

 As an initial matter, the court addresses plaintiff's claims against the state of Missouri, the Missouri judiciary, Judge Draper, Mr. Menees, Mr. Holder, and various unnamed judges of the state of Missouri. It is well settled that the United States is the only proper defendant in the United States Court of Federal Claims ("Court of Federal Claims"). See 28 U.S.C. § 1491(a)(1) (2006) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S.Ct. Fed. Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). This court does not possess jurisdiction to hear claims against individual federal government officials. See

Brown v. United States, 105 F.3d 621, 624 (Fed.Cir.1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Nor does it have jurisdiction to hear claims against states, state agencies, or state officials. See Vlahakis v. United States, 215 Ct.Cl. 1018, 1018, 1978 WL 8450 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction."); Moore v. Pub. Defenders Office, 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Accordingly, plaintiff's claims against all parties except the United States are dismissed for lack of jurisdiction.

### B. Subject Matter Jurisdiction

The court next addresses whether it possesses jurisdiction over the subject matter of plaintiff's claims against the United States, the only remaining defendant.

#### 1. Legal Standard

 Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time. Fol-

*den v. United States*, 379 F.3d 1344, 1354 (Fed.Cir.2004).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). A *pro se* plaintiff's complaint, " 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'...." *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, a *pro se* plaintiff is not excused from meeting basic jurisdictional requirements. *See Henke*, 60 F.3d at 799 ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a *pro se* plaintiff is not excused from his or her burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988).

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." *Sherwood*, 312 U.S. at 586, 61 S.Ct. 767. The waiver of immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

### 2. Plaintiff's Allegations

Plaintiff alleges that the Court of Federal Claims possesses jurisdiction over his complaint based upon the Tucker Act, 28 U.S.C. § 1491, the principal statute governing the jurisdiction of this court. The Tucker Act waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. *Id.* § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed.Cir. 1994) (en banc).

Plaintiff first claims that Article III, Section 2, Paragraph 2 of the United States Constitution permits him to obtain relief in this court. That paragraph provides that "[i]n all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction." Even if this section applied to the Court of Federal Claims (which it does not), it does not mandate the payment of money damages in the event of its violation. *See Mendez–Cardenas v. United States*, 88 Fed.Cl. 162, 167 (2009). Therefore, it does not provide this court with jurisdiction over plaintiff's claims.

Next, plaintiff asserts that pursuant to S.1867,[2] he has been deprived of his constitutional rights of due process and habeas corpus. The Court of Federal Claims lacks jurisdiction over claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution because neither clause is money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments ... [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed.Cir.1988) (holding that the Due Process Clauses of the Fifth and Fourteenth

---

2. In the current session of Congress, S.1867 is the National Defense Authorization Act for Fiscal Year 2012, which was passed by the United States Senate on December 1, 2011, and ultimately became Public Law No. 112–81 on December 31, 2011.

Amendments "do not trigger Tucker Act jurisdiction in the courts"). Further, a writ of habeas corpus may only "be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Because the Court of Federal Claims is not included in this list, it is not empowered to entertain habeas petitions. *See Ledford v. United States*, 297 F.3d 1378, 1381 (Fed.Cir.2002).

 Plaintiff then claims that the United States has failed to guarantee a republican form of government for the state of Missouri in violation of 18 U.S.C. §§ 241–242, 18 U.S.C. §§ 1961–1968, 42 U.S.C. § 1983, and the Missouri constitution. Title eighteen of the United States Code sets forth the criminal laws of the United States. The Court of Federal Claims, however, lacks jurisdiction over criminal matters. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed.Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); *Kania v. United States*, 650 F.2d 264, 268 (Ct.Cl.1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). Nor does the court possess jurisdiction over civil rights claims brought under 42 U.S.C. § 1983. *See Marlin v. United States*, 63 Fed.Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."); *Blassingame v. United States*, 33 Fed.Cl. 504, 505 (1995) ("Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision.... Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction."), *aff'd*, 73 F.3d 379 (Fed.Cir.1995). And, the Tucker Act only provides for jurisdiction for claims arising under the United States Constitution, not state constitutions. *See* 28 U.S.C. § 1491.

 As plaintiff notes, most of his claims are for equitable relief. The court, however, lacks jurisdiction to grant such relief in the absence of a money judgment in plaintiff's favor. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed.Cir.1998) ("Although the Tucker Act has been amended to permit the Court of Federal Claims to grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction, there is no provision giving the Court of Federal Claims jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court." (citations omitted)). Plaintiff does seek money damages in the form of the return of the bail he paid to obtain his release from jail. But, this court has no authority to direct a local or state agency to pay money to plaintiff; it may only direct the United States to pay money damages. *See* Section II.A, *supra*.

**C. Motion to File Complaint Under Seal**

 At the conclusion of his complaint, plaintiff requests that the court file the complaint under seal, "lest wholly legal but wholly inequitable writs of habeas corpus free dangerous criminals from incarceration...." Compl. ¶ 25. While there is a "common-law right of access to judicial records," courts maintain the discretion to determine whether public access is appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Access may be denied if the records might "become a vehicle for improper purposes." *Id.* at 598, 98 S.Ct. 1306. Contrary to plaintiff's contention, there is no such danger here. Plaintiff's complaint contains no information that the court deems private. *See* R. U.S.Ct. Fed. Cl. 5.2 (permitting parties to redact social security numbers, taxpayer identification numbers, birth dates, the names of minors, and financial account numbers). In addition, the complaint contains no other information that may be used by members of the general public for nefarious purposes, much less information that might lead to the release of incarcerated individuals. Accordingly, plaintiff's motion is denied.

### D. Application to Proceed In Forma Pauperis

▮ Plaintiff filed, concurrent with his complaint, an application to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[3] *See* 28 U.S.C. § 1915(a)(1); *see also Hayes v. United States,* 71 Fed.Cl. 366, 366–67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed *in forma pauperis* must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives his filing fee.

### III. CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint for lack of jurisdiction. In addition, the court **DENIES** plaintiff's motion to file his complaint under seal and **GRANTS** plaintiff's application to proceed *in forma pauperis.* No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

---

3. While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed *in forma pauperis. See* 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); *see also Matthews v. United States,* 72 Fed.Cl. 274, 277–78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915).