NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SERGIUS A. SHEAKLEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1115

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01405-EGB, Senior Judge Eric G. Bruggink.

---

Decided: August 10, 2023

---

SERGIUS A. SHEAKLEY, Wasilla, AK, pro se.

MILES KARSON, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Sergius Sheakley ("Mr. Sheakley," "Plaintiff," or "Appellant") appeals the decision of the United States Court of Federal Claims ("Court of Federal Claims" or "CFC"), which *sua sponte* ordered dismissal of his case against the United States ("Defendant" or "Appellee") for lack of subject matter jurisdiction. *See Sheakley v. United States*, No. 1:22-cv-01405-EGB (Fed. Cl. Oct. 5, 2022) ("Order"), ECF No.[1] 6, at 1–2 (Appx.[2] 4–5). We affirm.

## BACKGROUND

On September 29, 2022, the Court of Federal Claims received Mr. Sheakley's three-page *pro se* complaint. *See* Appx. 1–3 ("Complaint"). The Complaint alleges that, without indictment or probable cause, Mr. Sheakley became incarcerated in Alaska on or about November 25, 2014. Appx. 2. Among other things, he insists that "the United States failed to do it[s] duty to defend Mr. Sheakley's federally protected rights, and refrained from taking steps to prevent Mr. Sheakley's injury, by breach of contract." Appx. 2.

On October 5, 2022, the Court of Federal Claims dismissed Mr. Sheakley's Complaint against the United States for lack of subject matter jurisdiction. *See* Order at 1–2 (Appx. 4–5). In its Order, the Court of Federal Claims noted that Mr. Sheakley alleged that "the State of Alaska and its officers violated his civil rights by denying him his right to a speedy trial and by preventing him from attending his hearings" and that he requested the court "to 'waive' Alaska's sovereign immunity and grant him a restraining

---

[1]    "ECF No." refers to the electronic filing system's docket number assigned to a filing at the Court of Federal Claims.

[2]    "Appx." refers to the appendix that the United States filed concurrently with its informal brief.

order against the State." Appx. 4. The trial court concluded that it could not hear a suit against a state or its officials under the Tucker Act, and that Mr. Sheakley's claims were against Alaskan officers even if the United States was the listed Defendant. Appx. 4.

We have jurisdiction under 28 U.S.C. § 1295(a)(3) and Mr. Sheakley timely appealed. *See* Appellant's Informal Br. 1.

## DISCUSSION

### I. STANDARD OF REVIEW

We review *de novo* the final decision of the Court of Federal Claims to dismiss for lack of jurisdiction, and a "plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence." *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). "Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case . . . ." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010). A plaintiff must establish jurisdiction because under Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." RCFC 12(h)(3) (emphasis added). Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), the jurisdictional requirement remains the same for both a *pro se* litigant and a represented party. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

### II. THE UNITED STATES IS NOT THE PROPER DEFENDANT HERE.

Under the Tucker Act, the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim

against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1);[3] *see also Killingsworth Env't, Inc. v. United States*, 18 F. App'x 898, 898 (Fed. Cir. 2001) ("[T]he Court of Federal Claims correctly held that it has jurisdiction over an action if the 'United States' is named by the plaintiff as the defendant and not if actions of a state or state officials are challenged."). Because the United States is the only "proper defendant" at the Court of Federal Claims, the trial court "lacks jurisdiction over states, state officials, and state agencies." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Although his Complaint names the United States as Defendant, Mr. Sheakley sets forth allegations against "the State" and its officers (e.g., state-appointed counsel) for "violat[ing] his civil rights by denying him his right to a speedy trial and by preventing him from attending his hearings" after his incarceration began in Alaska. Order at 1 (Appx. 4); *see generally* Complaint (Appx. 1–3). In other words, Mr. Sheakley "sue[d] the State of Alaska and its officers—not the United States." Order at 1 (Appx. 4); *see also* Appellee's Informal Br. 3 (citing and noting the same). For example, Mr. Sheakley appears to allege breach of express or implied contract with either the State of Alaska or its officials; thus, he fails to establish jurisdiction where there is no claimed breach of express or implied contract with the United States. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *see generally* Appx. 1–3.

---

[3] To the extent Mr. Sheakley alleges fraud, *see* Appx. 1, the Court of Federal Claims does not have jurisdiction over a claim sounding in tort. *See* 28 U.S.C. § 1491(a)(1).

Similarly, Mr. Sheakley seeks to recover under the provisions for "[d]amages for unjust conviction and imprisonment; claim against United States," and "[u]njust conviction and imprisonment." *See* 28 U.S.C. §§ 1495, 2513. Mr. Sheakley cannot recover because the United States is not the proper party here. *See* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense *against the United States* and imprisoned." (emphasis added)). In turn, Mr. Sheakley cannot recover under the provision relating to unjust conviction and imprisonment because this provision applies to a person suing under 28 U.S.C. § 1495. *See* 28 U.S.C. § 2513(a), (e).

Thus, the Court of Federal Claims properly dismissed Mr. Sheakley's Complaint because the United States cannot be the "proper defendant" in this suit and the trial court did not have jurisdiction over the State of Alaska or its officials.

### III. MR. SHEAKLEY'S ADDITIONAL ARGUMENTS FAIL TO ESTABLISH A JURISDICTIONAL BASIS FOR THE COURT OF FEDERAL CLAIMS.

First, Mr. Sheakley says the Court of Federal Claims failed to consider his "$20,000,000.00 and not $1,000,000.00" in monetary damages. *See* Appellant's Informal Br. 2. For the Court of Federal Claims, "[j]urisdiction is proper where a plaintiff makes a claim for money damages based on a 'money-mandating' source of substantive law[4] and alleges that he is 'within the class of plaintiffs

---

[4] "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a *separate source of substantive law* that creates

entitled to recover under the money-mandating source.'" *Antonellis v. United States*, 106 Fed. Cl. 112, 114 (2012) (quoting *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008)), *aff'd*, 723 F.3d 1328 (Fed. Cir. 2013). Mr. Sheakley fails to either link his claims to money-mandating sources of law or establish that he is even entitled to recover as Plaintiff. *See generally* Appx. 1–3.

Second, Mr. Sheakley appears to allege violations under the Fifth Amendment's due process clause as well as its takings clause. The Court of Federal Claims does not have jurisdiction over a due process violation because this clause is not a money-mandating source. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (concluding that because the Fifth Amendment's due process clause does "not mandate payment of money by the government," it is an "[in]sufficient basis for jurisdiction"). On the other hand, while the takings clause is a money mandating provision which could provide a jurisdictional basis for the Court of Federal Claims, *see Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam) ("[E]xcept for the taking clause of the [F]ifth [A]mendment, the other amendments do not require the United States to pay money for their alleged violation."), Mr. Sheakley fails to plausibly plead that his property was taken *by the United States*. Further, Mr. Sheakley cites to Alaska case law for authority that "the appropriation of the attorney's labor is a 'taking' under the provisions of *Alaska Constitution* article I, section 18." *DeLisio v. Alaska Superior Ct.*, 740 P.2d 437, 443 (Alaska 1987) (emphasis added). However, "the Tucker Act only provides for jurisdiction for claims arising under the United States Constitution, not state constitutions." *Kurt v. United States*, 103 Fed. Cl. 384, 388 (2012)

---

the *right to money damages.*" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (emphasis added).

(citing 28 U.S.C. § 1491).  Additionally, *DeLisio* does not support Mr. Sheakley's assertion, in that the court held that "an attorney's services are 'property'" with respect to the attorney's right to just compensation for providing legal services, not that they are a property right of the criminal defendant.  *See DeLisio*, 740 P.2d at 441.  Accordingly, the Court of Federal Claims does not have jurisdiction over Mr. Sheakley's takings claim because any alleged taking was committed not by the United States, but instead by Alaska or its officials.

Third, Mr. Sheakley appears to allege violations under the First, Fourth, Sixth, and Fourteenth Amendments.  *See* Appellant's Informal Reply 2.  Despite these arguments first appearing in Mr. Sheakley's reply,[5] the Court of Federal Claims once again lacks jurisdiction because these Amendments are not money-mandating.[6]  *See Elkins*, 229 Ct. Cl. at 608.

Fourth, Mr. Sheakley says that he is an "Alaska Native,"[7] that the "Treaty of Cession" was violated based on

---

[5]    "With a few notable exceptions, such as some jurisdictional matters, appellate courts do not consider a party's new theories, lodged first on appeal."  *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997).

[6]    Mr. Sheakley failed to include the First, Fourth, Sixth, and Fourteenth Amendments in his Complaint.  *See* Appx. 1–3.  Accordingly, the Court of Federal Claims could not consider them before its *sua sponte* dismissal.  To the extent these Constitutional amendments are examined in this opinion, we do so to acknowledge that amending the Complaint to add them would be futile because they do not assist the trial court in having jurisdiction over this case.

[7]    Mr. Sheakley also lists "28 U.S.C. § 1505 (Indian claims)" as an additional argument for the first time in his reply brief.  *See* Appellant's Informal Reply 2.  Although this provision allows the Court of Federal Claims to hear

the "intentional disregard to Mr. Sheakley's *civil rights*," and that "the United States failed to do it[s] duty to defend Mr. Sheakley's federally protected rights, and refrained from taking steps to prevent Mr. Sheakley's injury, by breach of contract." Appx. 1–2 (emphasis added). Here, Mr. Sheakley fails to meet his jurisdictional burden when claiming that the United States breached the Treaty of Cession under the cited provisions of Articles III and VI. *See generally* Treaty concerning the Cession of the Russian Possessions in North America by his Majesty the Emperor of all the Russias to the United States of America ("Treaty of Cession"), 15 Stat. 539, arts. III & VI. Specifically, Mr. Sheakley fails to establish jurisdiction by neither showing how Articles III and VI of the Treaty of Cession are money-mandating sources nor indicating how he is within the class of plaintiffs that could recover under them. *See generally* Appx. 1–3.

Accordingly, Mr. Sheakley fails to meet his jurisdictional requirement for his other claims, so dismissal of Mr. Sheakley's Complaint remains proper.

## IV.  THE COURT OF FEDERAL CLAIMS CANNOT GIVE MR. SHEAKLEY THE EQUITABLE RELIEF HE SEEKS.

In his Complaint, Mr. Sheakley requested the following relief: "Waive the sovereign immunity for State of Alaska for violation of expressed promise. Grant Mr. Sheakley a preliminary injunction, and [g]rant Mr. Sheakley a re-strai[ni]ng Order against the State of Alaska, for breach of contract." Appx. 3.

---

Indian claims, *see* 28 U.S.C. § 1505, Mr. Sheakley did not include it in his Complaint so he failed to establish how he could be entitled to recover within the class of plaintiffs under it, and the Court of Federal Claims could not even entertain this argument. *See generally* Appx. 1–3.

Mr. Sheakley insists that "[t]he trial judge only considered the relief and not the arguments, or the counts." Appellant's Informal Br. 2. The United States asserts that the Court of Federal Claims does not have the authority to grant the relief that Mr. Sheakley requests against Alaska or its officials. Appellee's Informal Br. 5 (collecting cases).

We agree with the United States. For example, "[t]he Tucker Act does not provide independent jurisdiction over such claims for equitable relief." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (finding that the declaratory or injunctive relief sought by a plaintiff was "outside the jurisdiction of the Court of Federal Claims"); *see also Lawton*, 621 F. App'x at 672 (acknowledging that the Court of Federal Claims does not have jurisdiction over states or their officials). Even if the Court of Federal Claims did consider Mr. Sheakley's requested relief when determining jurisdiction, it would provide none.

## CONCLUSION

We have considered Mr. Sheakley's remaining arguments and find them unpersuasive. For the above reasons, the decision of the Court of Federal Claims is *affirmed*.

## AFFIRMED

## COSTS

No costs.