NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDNA N. ZULUETA,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5067

---

Appeal from the United States Court of Federal Claims in No. 09-CV-0681, Judge Edward J. Damich.

---

Decided: January 14, 2014

---

EDNA N. ZULUETA, of Nashville, Tennessee, pro se.

LAUREN S. MOORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before RADER, *Chief Judge,* PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

Edna N. Zulueta seeks review of a final decision of the Court of Federal Claims dismissing her complaint for failure to state a claim upon which relief can be granted. *Zulueta v. United States*, No. 09-681C, 2013 WL 363389 (Fed. Cl. Jan. 29. 2013) ("*Zulueta II*"). Because Mrs. Zulueta did not sufficiently allege that the United States Postal Service ("USPS") breached its obligation to investigate her harassment allegations, she failed to state a claim, and we affirm.

I

The USPS hired Ms. Zulueta in 2005 as a mail processing clerk. One year into Ms. Zulueta's employment, she received a warning letter regarding her unsatisfactory attendance and undependability in reporting for duty. In response, Ms. Zulueta filed a complaint with the USPS's Equal Employment Opportunity ("EEO") office to contest her supervisor's allegations and to file a complaint that her co-workers were harassing and threatening her. In October 2006, Ms. Zulueta and the USPS settled Ms. Zulueta's EEO complaint. In exchange for Ms. Zulueta's waiving further appeal of her complaint through the EEO process, the USPS agreed to conduct a full investigation regarding the alleged threats against her.

In late October and early November 2006, Ryan Jenkins, Supervisor of Distribution Operations, investigated the alleged threats by interviewing and obtaining written statements from all the parties named by Ms. Zulueta. All the employees denied her allegations, and based on these interviews and statements Mr. Jenkins found that her claims lacked merit. In his notes and written summary, Mr. Jenkins strongly recommended that Ms. Edna

Zulueta be scheduled for a Fitness for Duty Examination ("FFDE").

In December 2006, the USPS suspended Ms. Zulueta for seven days for taking unscheduled sick leave on three occasions. Later that month, the USPS issued her a FFDE to determine whether she was medically able to perform her job responsibilities. Mr. Jenkins explained that he had requested the examinations because Ms. Zulueta "made serious claims against co-workers about wanting to take her life and property." App. 28. After evaluations by two doctors, both independently concluded that she was not fit for duty due to mental issues. She was later terminated from employment based on her inability to perform the requirements of her position.

Ms. Zulueta then filed a new complaint with the EEO that alleged the settlement agreement had not been honored, and also alleged disability discrimination and a retaliatory discharge for asserting EEO violations. The EEO ultimately rejected all of Ms. Zulueta's contentions because it had already addressed those issues in a separate EEO action finding no discrimination.

After exhausting her rights before the EEO, Ms. Zulueta filed two separate complaints in the United States District Court for the Middle District of Tennessee. The first complaint, which we will refer to as *Zulueta I,* alleged wrongful termination, disability discrimination, and retaliation. *Zulueta v. United States*, No. 3:08-cv-246, 2009 WL 1651172 (M.D. Tenn. June 10, 2009). The trial court granted summary judgment in favor of the USPS, which was affirmed by the Court of Appeals for the Sixth Circuit. *Zulueta v. United States,* No. 09-5815 (6th Cir. Sept. 14, 2010).

The second complaint alleged breach of the parties' settlement agreement. It was transferred to the Court of Federal Claims. *Zulueta v. United States,* 3:08-cv-998, 2009 WL 980826 (M.D. Tenn. Apr. 8, 2009). The Claims

Court held that it possessed subject-matter jurisdiction to entertain Ms. Zulueta's complaint; however, her complaint did not state a claim upon which relief can be granted. In response to the Government's motion to dismiss, Ms. Zulueta did not dispute that the USPS conducted an investigation per the settlement agreement, and the Claims Court took judicial notice that the USPS did conduct an investigation into Ms. Zulueta's allegations as was found in *Zulueta I. Zulueta II* at *8. The Claims Court also ruled that Ms. Zulueta's complaint "failed to allege damages caused by the [alleged] breach of contract." *Id.* at *7. Thus, even if she could prove USPS had breached the settlement, Ms. Zulueta had not alleged facts sufficient to give her relief. *Id.*

The trial court granted the Government's motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6), and dismissed the complaint. Ms. Zulueta filed a timely petition to review the trial court's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

Our Court reviews *de* novo a dismissal for failure to state a claim upon which relief can be granted. *Kam-Almaz v. United States,* 682 F.3d 1364, 1368 (Fed. Cir. 2012). This Court's scope of appellate review is limited to the trial court record. *Sage Prods., Inc. v. Devon Indus., Inc.,* 126 F.3d 1420, 1426 (Fed. Cir. 1997). Courts generally provide greater leeway to parties, such as Ms. Zulueta, who are acting *pro se. Forshey v. Principi,* 284 F.3d 1335, 1337 (Fed. Cir. 2002). However, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Kelley v. Sec'y, U.S. Dep't of Labor,* 82 F.2d 1378, 1380 (Fed. Cir. 1987).

In ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's factual allegations

and should construe them in a light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991). A plaintiff must plead factual allegations that support a facially "plausible" claim to relief in order to avoid dismissal for failure to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007).

## III

To recover damages for a breach of contract, Ms. Zulueta must allege and establish that: (1) a valid contract existed between the parties; (2) there was an obligation or duty arising out of that contract; (3) the Government breached that duty; and (4) Ms. Zulueta suffered damages that were caused by the breach of contract. *San Carlos Irrigation & Drainage Dist. V. United States,* 877 F.2d 957, 959 (Fed. Cir. 1989).

Ms. Zulueta does not explain how the Government breached the settlement agreement, let alone explain how such a breach caused the damages she seeks. Ms. Zulueta seeks damages in the amount of $300,000, or an unspecified amount of back pay, reinstatement to her position (with no loss in seniority), and to be restored to the situation in which she would have been had the alleged discrimination not occurred. We find, just as the Claims Court did, that the remedies sought by Ms. Zulueta relate to the USPS's actions in terminating her, not to the alleged breach of the settlement agreement. A failure to investigate her allegations would not entitle Ms. Zulueta to reinstatement, damages related to separation, or back pay because she was not separated from her position until after the alleged breach of the settlement agreement. The Claims Court's decision can be affirmed just based on Ms. Zulueta's failure to allege damages caused by the breach of contract.

We also agree with the Claims Court that Ms. Zulueta fails to allege facts sufficient to support her claim that the

USPS breached the settlement agreement. The Claims Court specifically found that the Government had fulfilled its contracted obligations to investigate Ms. Zulueta's claims. In *Zulueta I's* findings of fact, the district court determined that the USPS conducted an investigation by interviewing her coworkers and obtaining written statements. *Zulueta I* at *2. The Claims Court took judicial notice of those findings and held that Plaintiff can prove no set of facts that would entitle her to relief on her allegation of breach of contract." App. 87. Ordinarily, motions to dismiss for failure to state a claim do not consider matters outside the pleadings. However, "[i]n deciding whether to dismiss a complaint under Rule 12(b)(6) the court may consider matter of public record." *Sebastian v. United States,* 185 F.3d 1368, 1374 (Fed. Cir. 1999); Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004).

Because Ms. Zulueta has not alleged any facts showing that the Government breached the settlement agreement or showing that the breach caused the damages she seeks, we conclude that the Claims Court correctly dismissed Ms. Zulueta's complaint for failure to state a claim upon which relief can be granted. *Cary v. United States,* 552 F.3d 1373, 1376 (Fed. Cir. 2009). We have considered all of Ms. Zulueta's other arguments and find them without merit. Accordingly, we affirm the decision of the Court of Federal Claims.

**AFFIRMED**

COSTS

No costs.