NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**NI-SHON LATIA LAWTON, AKA NI-SHON LATIA BEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2015-5088

———————————

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00079-TCW, Judge Thomas C. Wheeler.

———————————

Decided: November 6, 2015

———————————

NI-SHON LATIA LAWTON, Pennsauken, NJ, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, DONALD E. KINNER, ROBERT E. KIRSCHMAN, JR.

———————————

Before MOORE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Ms. Ni-Shon Latia Lawton appeals from an order of the United States Court of Federal Claims dismissing her complaint for lack of subject matter jurisdiction. Because the Court of Federal Claims properly dismissed the complaint, we *affirm*.

## BACKGROUND

On January 26, 2015, Ms. Lawton filed the present suit in the Court of Federal Claims against the United States, asserting various violations of her constitutional rights, as well as violations of criminal and civil law. Her complaint requested damages in the amount of $3,000,000 and "[a]n order of restraint on the further violation of rights" of her and her family. Ms. Lawton alleges that individuals associated with the Department of Health and Human Services, New Jersey state agencies, state officials, and private individuals have engaged in various illegal activities, including stalking, forging documents, harassment, and fraudulently evicting her from her home. These actions are allegedly in retaliation for a former lawsuit brought by Ms. Lawton involving the custody of her son. The Court of Federal Claims *sua sponte* dismissed Ms. Lawton's complaint for lack of jurisdiction. Ms. Lawton appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a decision by the Court of Federal Claims to dismiss for lack of jurisdiction. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998).

We find that the Court of Federal Claims properly dismissed Ms. Lawton's complaint for lack of jurisdiction. The Tucker Act limits the jurisdiction of the Court of Federal Claims to "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. The United States is the only proper defendant before the Court of Federal Claims. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (suits against parties other than the United States lie outside the jurisdiction of the Claims Court). Moreover, "in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Although Ms. Lawton's caption identifies the United States as the defendant in the suit, her factual allegations are directed at New Jersey state agencies, state officials, and private individuals. On appeal, Ms. Lawton argues that because New Jersey "is territory claimed by the U.S.," acts by New Jersey officials may be attributed to the United States. Appellant's Br. 2. The Court of Federal Claims lacks jurisdiction over states, state officials, and state agencies. *Sherwood*, 312 U.S. at 588.

Furthermore, as noted by the Court of Federal Claims, Ms. Lawton did not assert any claims deriving from money-mandating sources of law not sounding in tort. The Court of Federal Claims lacks jurisdiction over Ms. Lawton's allegations of civil rights violations, claims sounding in tort, and violations of the federal criminal code. *See* 28 U.S.C. § 1491; *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). As such, the Court of Federal Claims properly determined that it did not have jurisdiction.

CONCLUSION

Because the Court of Federal Claims properly dismissed the complaint for lack of jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.