ORIGINAL

# In the United States Court of Federal Claims

Pro Se

FILED

OCT 2 4 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| LEWIS R. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16-937C |
| | ) | (Filed: October 24, 2016) |
| v. | ) | Keywords: Subject Matter Jurisdiction; |
| | ) | Pro Se Plaintiffs. |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Lewis R. Morgan*, La Pine, OR, Plaintiff, pro se.

*Barbara E. Thomas*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, with whom were *Martin F. Hockey, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Lewis R. Morgan, the pro se plaintiff in this case, commenced this action by filing a document entitled "Motion (Rule 7) Requested Transfer from 15CV28016, to Federal Circuit Court" on August 2, 2016, which the Court treated as a complaint. See Doc. No. 1. In it, Plaintiff seemingly sought transfer of a case from the Circuit Court of Deschutes County, Oregon, to this Court. Id. at 2. Plaintiff asserted an "action in equity" as well as "several" breaches of contracts which prevent him from using his truck and trailer. Id. at 3. He appeared to allege these breaches stemmed from the failure of Hartford Casualty Insurance Group, the insurance company allegedly insuring his vehicle, to pay replacement costs after Plaintiff totaled his vehicle, as well as from unspecified contracts with Linn County Federal Credit Union. See id. at 3–5. The document did not specify any relief sought, other than transfer to this Court. See id. at 5–6.

On August 31, 2016, Plaintiff filed an amended complaint. Doc. No. 4. In it, Plaintiff seeks declaratory judgment and "relief persuant [sic] to 28 USC section 2201 & 2202" from the "State of Oregon (LINN CO FCU) in the United States of America." Id. at 1. Plaintiff alleges that the State of Oregon is "absconding with, and is restricting" Plaintiff from the use of his assets. Id. at 2. He also raises concerns regarding unfair debt collection practices, as well as a claim that the State of Oregon assaulted him, his family, and his property, and took his son hostage for a $30,000 ransom. Id. at 3–4. Plaintiff's amended complaint also asserts causes of

action against the State of Oregon, Linn County Federal Credit Union, and Hartford Casualty Insurance Group, regarding infringement of unspecified copyrights, trademarks, trade dress, and patents, for which he seeks declaratory and injunctive relief. See id. at 6–9.

For the reasons discussed below, this Court lacks jurisdiction over Plaintiff's claims. Therefore, the amended Complaint is **DISMISSED** without prejudice.

## DISCUSSION

The Court may raise subject matter jurisdiction sua sponte at any time. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) (internal citation omitted); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (noting that an objection to federal court subject matter jurisdiction may be raised by a court on its own initiative at any stage in the litigation). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); see also Arbaugh, 546 U.S. at 506–07, 514 (stating that "courts . . . have an independent obligation to determine whether subject matter exists, even in the absence of a challenge from any party").

Generally, in determining subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. See Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); Zulueta v. United States, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements" (internal quotation and citation omitted)). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 (stating "plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States" (citation omitted)).

2

Here, the Court lacks subject matter jurisdiction over Plaintiff's claims. Although Plaintiff's original and amended complaints list the United States as defendant, his allegations relate solely to actions allegedly taken by the State of Oregon and private companies. But the United States is the only proper defendant before the Court of Federal Claims. Lawton v. United States, 621 Fed. App'x 671, 672 (Fed. Cir. 2015) (per curiam) (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)). Because the factual allegations are directed only at state and private actors, the Court lacks jurisdiction over the claims asserted in the complaint. See Lawton, 621 Fed. App'x at 672; see also Vlahakis v. United States, 215 Ct. Cl. 1018, 1018 (1978) (observing that assertions against state actors and state courts are beyond this Court's jurisdiction).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is **DISMISSED** in its entirety, without prejudice. The Clerk of the Court is directed to enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge

3