NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEWIS R. MORGAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-1206

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00937-EDK, Judge Elaine Kaplan.

---

Decided: April 5, 2017

---

LEWIS R. MORGAN, La Pine, OR, pro se.

BARBARA E. THOMAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before WALLACH, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Lewis R. Morgan appeals the final decision of the U.S. Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC"). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (2012). We affirm.

## BACKGROUND

Mr. Morgan received loans from the Linn County Federal Credit Union ("the Credit Union") for the purchase of a pickup truck and trailer. Appellee's App. 83, 85–86, 93. When he defaulted on the loans, the Credit Union filed a complaint in Oregon state court to recoup the value of the outstanding loans. *Id.* at 82–92. In response, Mr. Morgan filed a motion in the Court of Federal Claims seeking to transfer the Credit Union's action to the Court of Federal Claims. *Id.* at 8–22. In that Motion, Mr. Morgan alleged breach of contract against the Credit Union and Hartford Casualty Insurance Group, the insurer of the truck and trailer, for failing to pay repair costs following an accident. *Id.* at 10–11. The Court of Federal Claims treated the Motion as an initial complaint. *Id.* at 4. Mr. Morgan later amended the Initial Complaint to include copyright, trademark, and patent claims, *id.* at 149–52, along with a claim that "[t]he State of Oregon and [its] Employee's [sic] did willfully assault Mr. Morgan . . . under surprise attack" and "h[e]ld[] hostage [Mr.] Morgan's Son for . . . ransom," *id.* at 147.

## DISCUSSION

Whether the Court of Federal Claims possessed subject matter jurisdiction over a complaint raises "a question of law, which we review de novo." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008) (citation omitted). "The jurisdictional reach of the

Court of Federal Claims is set forth in the Tucker Act." *Id.* at 1343. The Tucker Act states in relevant part that

> [t]he . . . Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Importantly, "[t]he Tucker Act is merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushroom Serv.*, 521 F.3d at 1343 (citation omitted). A plaintiff must demonstrate that a "source of substantive law" other than the Tucker Act provides it with a claim for monetary damages against the United States. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). "A plaintiff bears the burden of establishing subject[ ]matter jurisdiction by a preponderance of the evidence." *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citation omitted).

The Court of Federal Claims properly dismissed Mr. Morgan's action because he has not alleged any claims against the United States and he has failed to identify a money-mandating source for his claims. In his Initial and Amended Complaints, he alleged claims against: "the Defendant's State of Oregon (LINN CO F[ederal ]C[redit ]U[nion)]," Appellee's App. 144; *see id.* at 11 (similar), and "Financial Institutions (i.e. HARTFORD CASUALTY INSURANCE[)]," *id.* at 145; *see id.* at 11 (similar). Although Mr. Morgan alleges that the State of Oregon is "an entity of [the] UNITED STATES creating jurisdiction," *id.* at 10, we have held that "[t]he Court of Federal Claims lacks jurisdiction over states, state officials, and state agencies," *Lawton v. United States*, 621 F. App'x 671, 672

(Fed. Cir. 2015) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). In his Notice of Appeal, Mr. Morgan also asserts that "the United States is the party responsible for the 'CONTRACTS' before the [c]ourt," but offers no evidence to support this assertion. *Morgan v. United States*, No. 2017-1206, Docket No. 1-2 at 4 (Fed. Cir. Nov. 14, 2016). Furthermore, Mr. Morgan has not identified any source of substantive law that would provide for monetary damages had he asserted a claim against the United States. *See generally* Appellant's Br.; Appellee's App. 8−160 (Appellant's Initial and Amended Complaints).

Mr. Morgan's arguments to the contrary do not convince us otherwise. First, he argues that "[t]he [Court of Federal Claims] failed to transfer claims as requested which allows subject matter jurisdiction for the court." Appellant's Br. 1 (capitalization omitted). The case was never considered for transfer; Mr. Morgan's Motion to Transfer was treated as his Initial Complaint in the Court of Federal Claims. Appellee's App. 5. Moreover, the Court of Federal Claims's ability to properly consider a transferred case depends on "the existence of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1304 (Fed. Cir. 2008). Second, Mr. Morgan states that "the defendant[]s have failed to controvert allegations . . . as deemed by the Law Rules 26 [and] 27." Appellant's Br. 1 (capitalization omitted). It is unclear to which allegations and rules Mr. Morgan is referring. To the extent that this argument requires the court to consider arguments related to the merits of the case, we are precluded from doing so because we must dismiss the case for lack of subject matter jurisdiction.

## CONCLUSION

We have considered Mr. Morgan's remaining arguments and find them unpersuasive. For these reasons,

the final decision of the U.S. Court of Federal Claims is
**AFFIRMED**