# In the United States Court of Federal Claims

No. 25-20
Filed: January 28, 2025

---

MICHELLE A. GARDNER,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

---

## ORDER OF DISMISSAL

**TAPP, Judge.**

Pro se Plaintiff, Michelle Artice Gardner, seeks "over billions of dollars" or $660,000 in recovery from actions of the United States.[1] (*See* Compl. Ex. A (Civil Cover Sheet), ECF No. 1-1). Plaintiff also seeks to proceed *in forma pauperis* ("IFP Application").[2] (IFP App., ECF No. 2). In the interest of judicial efficiency, the Court grants Plaintiff's IFP application; however, it dismisses the Complaint, (Compl., ECF No. 1), for lack of subject-matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In every case, determining whether a court has subject-matter jurisdiction is a threshold issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1988). The United States Court of Federal Claims is a specialty court existing to provide an avenue for compensation for some claims against the United States. *See Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or

---

[1] Plaintiff purports to bring this action as an assignee and trustee of the "Vincente Cantua Family Trust." (Compl. at 1, ECF No. 1).

[2] The Court notes that the IFP application is incomplete. Plaintiff lists that she is currently employed but fails to report the amount of wages or salary earned pursuant to Question 2(a), (IFP App. at 1). Further, some answers on this application differ from those on the same form in a different case before the undersigned. *Gardner v. United States*, No. 25-81 (ECF No. 2). However, the Court takes notice that Plaintiff's IFP Application was granted in Case Number 25-88. Given that, and because this case is dismissed on other grounds, the Court authorizes Plaintiff to proceed without prepayment of the required fees. 28 U.S.C. §§ 1914, 1915.

regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Under RCFC 12(h)(3), this Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." As such, the Court "may and should" review the question of its subject-matter jurisdiction on its own "at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

Under RCFC 12(b)(1), the burden of establishing subject-matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Although the pleadings of a pro se plaintiff are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve a pro se plaintiff of the jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). While the Court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of attorneys, *Roche v. U.S.Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987), even pro se plaintiffs "must persuade the Court that jurisdictional requirements have been met." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." (quotation and citation omitted)).

On the first page of her Complaint, Plaintiff appears to allege that the federal government failed to remit a settlement to the family of Vincente Cantua for lands and property confiscated in 1848:

The matter herein concerns Federal Claims of Vincente Cantua, Patentee of certain LANDS located in Salinas, California. In 1848, his Rancho Alisal was raided by General John C. Fremont. This incited a war during which all cattle, horses, and animals were confiscated.

Following the cessation of hostilities, a peace and friendship treaty was signed. Individuals were compelled to choose whether to live under the jurisdiction of the United States or the United Mexican States. The Cantua family asserted Federal Claims to Rancho Alisal, and the Court rendered a decision in favor of the holder of a settlement from Spain, which was granted and signed.

Abraham Lincoln signed the patent for Vincente Cantua; however, he was tragically assinated before delivering it to the family.The Claims were finally settled til date no one has claimed unresolved funds located at the Treasury Department of United States. *[signature]* 1-3 2025

(Compl. at 1, ECF No. 1). This claim is outside the Court's statute of limitations. "To properly invoke this Court's jurisdictional authority to entertain a cause of action, a claim must be 'filed within six years after [it] first accrues.'" *Nolan v. United States*, 173 Fed. Cl. 669, 673 (2024) (quoting 28 U.S.C. § 2501); *see John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006) (six-year statute of limitations codified in § 2501 is "a jurisdictional requirement"), *aff'd*, 552 U.S. 130 (2008)). Plaintiff's Complaint was filed on January 3, 2025. (*See* Compl.). The exact date of the remittance of fees is unclear from the pleading. However, given that President Lincoln was assassinated on April 15, 1865, Plaintiff's claims are at least 154 years too late.

The remainder of the Complaint cites the statutory schemes for "(18 U.S.C. 1503), WITNESS TAMPERING[,]" (Compl. at 3–4), and "(18 U.S.C. 1512), WITNESS RETALIATION[,]" (*id*. at 4–9), as well as the language from a 2017 Executive Order relating to human rights violations, (*id*. at 11–12). As courts have repeatedly held, merely reciting the elements of a cause of action does not suffice to state a claim. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even when affording Plaintiff the requisite liberal construction of her claims, she still fails to establish the Court's jurisdiction.

The first two schemes are derived from Title 18 of the United States Code, the primary legislative source for federal criminal law. *See* 18 U.S.C. (titled "Crimes and Criminal Procedure"). It is well settled that the Court of Federal Claims lacks jurisdiction over claims based on criminal statutes. *Snowton v. United States*, 216 F. App'x 981, 983 (Fed. Cir. 2007) ("Additionally, the Court of Federal Claims lacks jurisdiction over suits based upon criminal statutes."). Thus, the Court need not further address the allegations of witness tampering or witness retaliation.

Further, the recited portions of Executive Order 13,818 explicitly disavow the existence of a private right of action, thereby barring Plaintiff's claim. Exec. Order No. 13,818, 82 Fed. Reg. 60,839 (Dec. 26, 2017) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."); (Compl. at 12 (reciting this specific provision)). Even with the most generous interpretation, this Court does not have jurisdiction to hear claims of human rights violations not premised on a money-mandating provision of law. *Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995) ("This court does not have jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision."); *see also Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) ("[This] [c]ourt does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985."). As Plaintiff has failed to cite any statutory provisions that would support a monetary award for the alleged rights violations, the Court is unable to entertain this claim.

For the stated reasons, Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3), and her Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly. The

Clerk is directed to **REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[3]

       **IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[3] This provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is Plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed. That said, the Court notes that within two weeks of this filing, Plaintiff filed a variety of suits before this Court. *Gardner v. United States*, No. 25-20 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-81 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-85 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-87 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-88 (Fed. Cl. filed Jan. 3, 2025); *Gardner v. United States*, No. 25-90 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-92 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-94 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-96 (Fed. Cl. filed Jan. 15, 2025); *Gardner v. United States*, No. 25-97 (Fed. Cl. filed Jan. 15, 2025).