NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JULIE TANSER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1226

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01409-EDK, Judge Elaine Kaplan.

---

Decided: July 9, 2025

---

JULIE TANSER, New York, NY, pro se.

WILLIAM KANELLIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before HUGHES and STARK, *Circuit Judges,* and WANG, *District Judge.*[1]

PER CURIAM.

Pro se plaintiff-appellant Julie Tanser appeals from an order of the Court of Federal Claims dismissing her case for lack of subject matter jurisdiction. *See Tanser v. United States*, No. 1:24-cv-1409, 2024 WL 5110181, at \*1-2 (Ct. Fed. Cl. Nov. 13, 2024) ("*Decision*"). We affirm.

Ms. Tanser alleged in her complaint that several New York state agencies and courts, along with private individuals, "interfered with her ability to collect an award from the Conference on Jewish Material Claims Against Germany." *Decision* at \*1. She did not request any specific relief. Ms. Tanser appears to have filed or attempted to file related suits in other federal and state courts, including the United States District Courts for the Southern District of New York and for the District of Columbia, as well as the Surrogate's Court of New York County, New York. *See id.* The Court of Federal Claims granted the government's motion to dismiss Ms. Tanser's complaint under Court of Federal Claims Rule 12(b)(1), reasoning that it did not have statutory authority to adjudicate cases that do not involve a request for relief against the United States. *See Decision* at \*1-2.

"We review the grant of a motion to dismiss for lack of jurisdiction de novo." *Associated Energy Grp., LLC v. United States*, 131 F.4th 1312, 1317 (Fed. Cir. 2025). Where, as here, the court decides the motion without considering material outside the pleadings, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of

---

[1]    The Honorable Nina Y. Wang, United States District Court for the District of Colorado, sitting by designation.

the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). In doing so, the court must liberally construe pro se filings, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted).

"[T]he Court of Federal Claims, like all federal courts, is a court of limited jurisdiction." *Terran ex rel. Terran v. Sec'y of Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). As pertinent here, the Tucker Act provides the Court of Federal Claims authority to adjudicate only "claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Claims that seek relief "against others than the United States" are "beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Ms. Tanser's complaint makes allegations only against state instrumentalities and private individuals. *Tanser v. United States*, No. 1:24-cv-1409, D.I. 1 at 4. Although she lists the United States as a defendant in her case caption, her complaint alleges no wrongdoing by the United States or any federal entity. Nor does it seek any relief from the United States. Therefore, the Court of Federal Claims does not have subject matter jurisdiction over her complaint, as that court correctly determined. *See Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (affirming dismissal for lack of jurisdiction of claims based on factual allegations directed at "state agencies, state officials, and private individuals").

Accordingly, we affirm.

**AFFIRMED**

4                                                    TANSER v. US

## COSTS

The parties shall bear their own costs.